# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **VICKTORIA GOCHA and ALAN J. GOCHA,** *Plaintiffs,* **v.** **MICHIGAN REPRODUCTIVE AND IVF CENTER, P.C. d/b/a The Fertility Center, DR. VALERIE SHAVELL**, **DR. EMMA GIULIANI**, **DAWN STILES**, **COREWELL HEALTH, and JOHN DOES 1–10**, *Defendant*s. | Case No. 1:25-cv-00665 Hon. Chief Judge Hala Y. Jarbou Magistrate Judge Phillip J. Green |

## CERTIFICATE OF COMPLIANCE UNDER LOCAL RULE 7.1(D) RE PLAINTIFFS' MOTION TO <u>COMPEL AND FOR SANCTIONS (ECF NO. 43)</u>

Pursuant to Local Rule 7.1(d), Plaintiffs Vicktoria Gocha and Alan J. Gocha ("Plaintiffs") certify that they made efforts to confer in good faith with counsel for Defendant Corewell Health f/k/a Spectrum Health ("Corewell") via email regarding the issues raised in Plaintiffs' Motion to Compel and for Sanctions, (ECF No. 43), and further made additional efforts to have further discussion following entry of the Court's August 15, 2025 Order, (ECF No. 44).

**A.     Pre-Filing Efforts**

As detailed in Plaintiffs' Motion (ECF No. 43) and supporting exhibits:

1.     On **July 18, 2025**, Corewell's counsel, David Busscher ("Busscher") of Henn Lesperance PLC, sent Plaintiffs a letter demanding immediate release of medical records outside formal discovery, without a protective order.

2.     On **July 19, 2025**, Plaintiffs requested a meet-and-confer regarding discovery and notified Corewell of their intent to seek early summary judgment.

3.     On **July 30, 2025**, the parties conferred by telephone, but Busscher refused to treat the call as a Rule 26(f) conference.

4.     On **August 7, 2025**, Plaintiffs circulated a proposed discovery plan and requested Corewell's availability for a Rule 26(f) conference (i.e., a meet-and-confer).

5. Between **August 7** and **14, 2025**, Plaintiffs repeatedly requested Corewell's availability for a Rule 26(f) conference (i.e., a meet-and-confer). Despite citation to the governing rules and reminders that Rule 26(f) requires the conference to occur "as soon as practicable," Corewell's counsel refused to participate until at least September, first proposing September 8, then September 2.

6. On **August 14, 2025**, Plaintiffs asked whether Corewell would treat discovery requests served on August 14, 2025, as operative, but defense counsel flatly refused, despite cited governing rules and Plaintiffs' warnings regarding their intent to, otherwise, file a motion for sanctions. Corewell said, "no."

7. On **August 15, 2025**, Plaintiffs filed the Motion at issue. (*See* ECF No. 44).

These exchanges demonstrate that Plaintiffs attempted in good faith to resolve the dispute but were met with repeated postponement and refusal to engage in the Rule 26(f) process.

**B.    Post-Filing Efforts**

On **August 15, 2025**, the Court entered an Order requiring a certificate of compliance with LR 7.1(d) within five days (ECF No. 44). The same day, Plaintiffs requested that Corewell "immediately" provide its availability for a telephonic meet-and-confer. On Monday, **August 18, 2025**, Busscher responded, indicating he was not available until Wednesday, August 20, 2025—the last day permitted under the

3

Court's Order to file a certificate of compliance. In other words, Corewell once again attempts to delay and circumvent the dictates of Federal Rule of Civil Procedure 26(f), which requires the parties to hold a conference "as soon a practicable."

In an attempt to minimize issues requiring Court intervention, Plaintiffs will—where practicable—meet on dates proposed by Corewell. Nevertheless, Plaintiffs maintain they are entitled to the relief sought in their motion.

**C.    Summary**

Plaintiffs have repeatedly sought to confer on discovery and related issues both before and after filing their motion. Corewell's counsel, however, has consistently delayed and refused to participate in a timely Rule 26(f) conference—the very subject of Plaintiffs' Motion to Compel and for Sanctions. In other words, the same conduct that necessitated the motion has been repeated in response to the Court's directive.

5

                                            Respectfully Submitted,

Date: August 18, 2025                /s/ Lisa E. Gocha
                                            Lisa E. Gocha (P42100)
                                            PO Box 398
                                            Hudsonville, MI 49426
                                            lgchapter7@yahoo.com
                                            (616) 797-4206
                                            *Attorney for Vicktoria Gocha*

                                            /s/ Alan J. Gocha
                                            Alan J. Gocha (P80972)
                                            PO Box 398
                                            Hudsonville, MI 49426
                                            alanjgocha@offlabellaw.com
                                            (248) 505-4670
                                            *Pro Se*